UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWIN B. STEARNS, JR., <br><br> Plaintiff, <br><br> v. <br><br> KATHERINE R. STEARNS, et al., <br><br> Defendants. | Case No. C22-1579-RSL <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. On November 4, 2022, plaintiff filed a complaint with this Court, alleging that federal subject matter jurisdiction existed for his claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). Dkt. # 1 at 2. Federal-question jurisdiction exists where the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (internal quotation marks omitted). Diversity jurisdiction exists where the opposing parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The party seeking a federal venue has the burden of establishing this Court's subject matter jurisdiction, In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008), and it has long been recognized that the Court may consider the issue

ORDER TO SHOW CAUSE - 1

of subject matter jurisdiction *sua sponte* at any time during the proceeding, <u>Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.</u>, 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3). Here, plaintiff's complaint fails to identify a single federal statute or constitutional provision under which he brings his claims. Plaintiff's complaint appears to allege fraud and mishandling of the probate process, both of which are claims sounding in state law. Furthermore, plaintiff's complaint identifies the primary defendants as residents of Washington state, precluding the possibility that he could bring his claim under diversity jurisdiction.

Plaintiff is hereby ORDERED TO SHOW CAUSE on or before January 18, 2023, as to why the Court should not dismiss his complaint for lack of jurisdiction. The Clerk of the Court is directed to note this order to show cause on the Court's calendar for January 18, 2023.

IT IS SO ORDERED.

DATED this 21st day of December, 2022.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 2