UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWIN B. STEARNS, JR., <br><br> Plaintiff, <br><br> v. <br><br> KATHERINE R. STEARNS, *et al.*, <br><br> Defendants. | Case No. C22-1579-RSL <br><br> ORDER OF DISMISSAL |

On December 21, 2022, the Court ordered pro se plaintiff Edwin B. Stearns, Jr. to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction. Dkt. # 13. On January 13, 2023, Mr. Stearns filed his Response to the Order to Show Cause. Dkt. # 24.[1] On January 17, 2023, Mr. Stearns filed an Addendum to his Response. Dkt. # 26. Having reviewed the Response, Addendum, and the remainder of the record, the Court finds as follows:

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint shall include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). Although pro se complaints are to be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as

---

[1] Plaintiff has requested oral argument. Dkt. # 24. The Court concludes that oral argument is unnecessary to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER OF DISMISSSAL - 1

complaints."), the court may not supply essential elements that are not pled, *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As the plaintiff, Mr. Stearns has the burden of alleging facts which give rise to federal jurisdiction. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant to clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."). "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. We presume that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (citations and internal quotation marks omitted). "A judge . . . may dismiss an action sua sponte for lack of jurisdiction." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981); *see also* Fed. R. Civ. P. 12(h)(3).

The gravamen of plaintiff's Amended Complaint is that plaintiff's sister, Katherine Stearns, and financial advisor Melissa Cournyer have acted tortiously in the administration of assets belonging to the estate of plaintiff and Ms. Stearns's father. *See generally* Dkt. # 7. In his Amended Complaint, plaintiff alleged that federal subject matter jurisdiction existed for his claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). Dkt. # 7 at 1-2. However, because plaintiff had not established complete diversity, *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the Amended Complaint appeared to only allege violations of state tort law (as well as allegations relating to the ongoing state probate process), the Court raised the issue of subject matter jurisdiction sua sponte in an Order to Show Cause. Dkt. # 13. In his Response to the Order to Show Cause, plaintiff concedes that diversity jurisdiction does not exist. Dkt. # 24 at 2. Instead, plaintiff asserts that federal question jurisdiction exists under "the tort of conversion," "the Securities Exchange Act of 1934," and 12 U.S.C. § 66. *Id.* at 3.

ORDER OF DISMISSSAL - 2

Federal question jurisdiction exists where the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (internal quotation marks omitted).

Here, plaintiff first contends that the "tort of conversion" provides a basis for federal question jurisdiction. Dkt. # 24 at 3. However, his conversion claim sounds in state tort law and does not provide a basis for federal question jurisdiction.

Plaintiff next contends that the "Securities Exchange Act of 1934" provides a basis for federal question jurisdiction. *Id.* The Securities Exchange Act of 1934 regulates "transactions in securities as commonly conducted upon securities exchanges and over-the-counter markets." 15 U.S.C. § 78b. Here, even construing the complaint liberally, as the Court must do for a pro se litigant, the Court finds plaintiff has failed to allege facts giving rise to a violation of the Securities Act of 1934. It appears that plaintiff is alleging fraud under the Act, as his Response indicates he believes his signature on certain forms was "extorted" through "deceit," thereby permitting the "embezzlement" of funds plaintiff believes he is entitled to. Dkt. # 24 at 3-4. However, the Act prohibits fraud "in connection with the purchase or sale of any security registered on a national securities exchange." 15 U.S.C. § 78j(b). Here, the only allegation plaintiff makes regarding securities is that "Defendant Cournyer held and managed stock from plaintiff's father." Dkt. # 24 at 3. Plaintiff does not allege that any defendant participated in the purchase or sale of a security with regard to the alleged conduct in the complaint. Because plaintiff has not alleged facts giving rise to a plausible inference that he has alleged a securities Act claim, the Act cannot provide the basis for federal question jurisdiction.

Finally, plaintiff contends that federal question jurisdiction exists under 12 U.S.C. § 66. This statute, part of the National Bank Act, provides:

> the Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to

ORDER OF DISMISSSAL - 3

> the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name.

12 U.S.C. § 66. In other words, the statute limits liability for persons holding national bank shares as executors, administrators, guardians, or trustees. *See Pufahl v. Parks' Est.*, 299 U.S. 217 (1936); *Schram v. Kaplan*, 45 F. Supp. 628 (E.D. Mich. 1942). Here, plaintiff has not alleged that anyone (including his father's estate) holds national bank shares, nor that they are facing personal liability as a result of their stockholder status. Thus, the statute is irrelevant to plaintiff's pleaded allegations and cannot serve as the basis for subject matter jurisdiction.

Although plaintiff states that he "realizes that the only issues that he prays the federal court will hear are the issues regarding federal securities and that probate issues are a state court matter," Dkt. # 7 at 2, he fails to identify any federal securities issues – or any other basis for federal question jurisdiction – in either his Amended Complaint or Response to the Order to Show Cause. Accordingly, the Court DISMISSES plaintiff's Amended Complaint for lack of subject matter jurisdiction.

For all the foregoing reasons, the Court sua sponte DISMISSES the Second Amended Complaint without prejudice for lack of subject matter jurisdiction. The Court GRANTS plaintiff thirty (30) days from this Order to file an amended complaint curing the pleading deficiencies identified above. If plaintiff fails to cure the identified deficiencies in his second Amended Complaint, the Court will dismiss with prejudice.

IT IS SO ORDERED.

DATED this 23rd day of January, 2023.

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSSAL - 4