UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWIN B. STEARNS, JR., <br><br> Plaintiff, <br><br> v. <br><br> KATHERINE R. STEARNS, *et al.*, <br><br> Defendant. | Case No. C22-1579RSL <br><br> ORDER DISMISSING DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS |

This matter comes before the Court on defendant's "Motion for Award of Attorney's Fees and Costs" (Dkt. # 33). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

On December 21, 2022 this Court issued an Order to Show Cause, raising the issue of subject matter jurisdiction sua sponte. Dkt. # 13. In his response, plaintiff conceded that diversity jurisdiction did not exist and asserted that federal question jurisdiction existed under "the tort of conversion," "the Securities Exchange Act of 1934," and 12 U.S.C. § 66. *Id.* at 3. The Court found plaintiff had failed to identify a basis for federal question jurisdiction and dismissed plaintiff's complaint for lack of subject matter jurisdiction. Dkt. # 28 at 4. However, the Court provided plaintiff with thirty (30) days from the filing of the Order of Dismissal to file an amended complaint curing the deficiencies identified in the Order. *Id.*

Plaintiff did not file an amended complaint and the Court found that the facts as pleaded did not give rise to jurisdiction, and no amendment would cure this deficiency. Dkt. # 31 at 2. Accordingly, after providing the plaintiff with two opportunities to demonstrate subject matter

ORDER DISMISSING DEFENDANT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS
- 1

jurisdiction, the Court dismissed plaintiff's Amended Complaint for lack of subject matter jurisdiction without leave to amend. *Id.*

Defendant Katherine Stearns now seeks an award of attorney's fees and costs associated with defending against plaintiff's lawsuit. Dkt. # 33 at 1. Defendant argues that she is entitled to reasonable attorney's fees under Federal Rule of Civil Procedure 54(d)(2) because plaintiff's lawsuit was frivolous and advanced without reasonable cause. *Id.* at 4. Defendant contends that both RCW 4.84.185 and Federal Rule of Civil Procedure 11 entitle her to an award of attorney's fees. *Id.* at 5. She seeks a total of $9,427.77. Dkt. # 36 at 5.

Plaintiff objects to any award of attorney's fees, arguing that defendant did not file an answer in response to plaintiff's complaint or actively participate in the lawsuit, nor did defendant's counsel adequately communicate with plaintiff or act in good faith. Dkt. # 35 at 4.

**A. Federal Courts' Limited Jurisdiction**

As a preliminary matter, the Court must determine whether it has jurisdiction to rule on defendant's motion for attorney's fees after having dismissed plaintiff's claims for lack of subject matter jurisdiction. Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts should presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Moreover, "[u]nder Ninth Circuit precedent, a court that has dismissed a case for lack of subject matter jurisdiction generally has no jurisdiction to award attorneys' fees." *Russell City Energy Co., LLC v. City of Hayward*, No. C14-3102JSW-DMR, 2015 WL 983858, at *2 (N.D. Cal. Feb. 17, 2015) (collecting cases). "A court that lacks jurisdiction at the outset of a case lacks the authority to award attorney's fees." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007).

The Ninth Circuit utilizes a "two-part test for analyzing whether a district court can award attorneys' fees when the underlying action is dismissed for lack of subject matter

ORDER DISMISSING DEFENDANT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS
- 2

jurisdiction." *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (9th Cir. 2017). First, the court asks whether the fee-shifting statute under which a party seeks attorney's fees contains an independent grant of subject matter jurisdiction. *Id.* In deciding whether a statute contains an independent grant of jurisdiction, courts must "look[] at the text and structure of the statute." *Id.* at 710. Second, the court asks whether the winning party "prevailed." *Id.* A party does not have to obtain a favorable ruling on the merits to be considered a "prevailing party." *Id.* (citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016)).

      Here, defendant argues that the Court may award attorney's fees under Federal Rule of Civil Procedure 11 and a Washington statute, RCW § 4.84.185. Dkt. # 33 at 5. The Court addresses each proffered basis for attorney's fees below.

**B. Federal Rule of Civil Procedure 11**

      Defendant contends that Federal Rule of Civil Procedure 11 ("Rule 11") entitles her to an award of attorney's fees. Dkt. # 33 at 5. Rule 11 states that if, "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b)[1] has been violated, the court may

---

[1] Rule 11(b), in turn, states that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

ORDER DISMISSING DEFENDANT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS
- 3

impose an appropriate sanction on any attorney, law firm, or party that violated the rule." Fed. R. Civ. P. 11(c)(1). A district court "has the power to impose sanctions [under Rule 11] after it has determined that it has no subject matter jurisdiction." *Kloberdanz v. Martin*, 203 F.3d 831, 832 (9th Cir. 1999) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992)). However, Rule 11 requires parties to make a motion for sanctions "separately from any other motion" and, within this motion, to describe "the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Rule 11's safe harbor provision also requires the motion to "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* Here, there is no indication that defendant complied with the safe harbor provision, nor did defendant move separately for sanctions under Rule 11. See Dkt. #33 at 5. '[T]he procedural requirements of Rule 11[(c)(2)]'s 'safe harbor' are mandatory.'" *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (quoting *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998)). Because defendant has not complied with the procedure set out in the rule, she is precluded from seeking sanctions under Rule 11. *See id.* at 789 (reversing district court's grant of Rule 11 sanctions where the moving party failed to comply Rule 1 l(c)(2)'s safe harbor provision); *see also Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) ("We must reverse the award of sanctions when the . . . [moving] party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous.").

### C. RCW § 4.84.185

Defendant also contends that RCW § 4.84.185 entitles her to an award of attorney's fees. Dkt. # 33 at 5. Per *Amphastar*, the Court must first determine whether the statute contains an independent grant of subject matter jurisdiction. In *California Ass'n of Physically Handicapped, Inc. v. FCC*, the Ninth Circuit found an independent grant of jurisdiction in § 505(b) of the Rehabilitation Act. 721 F.2d 667, 671 (9th Cir.1983). The court in that case relied on the congressional intent behind the statute, noting that it was meant "to authorize civil suits in federal court solely to obtain an award of attorneys' fees for legal work done in administrative

ORDER DISMISSING DEFENDANT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS
- 4

proceedings." *Id.* Conversely, in *Latch v. United States*, the Ninth Circuit did not find an independent grant of jurisdiction in 26 U.S.C. § 7430, which allowed attorney's fees only in "civil proceeding[s] . . . brought . . . in connection with the determination, collection, or refund of any tax . . . and brought in a court of the United States." 842 F.2d 1031, 1033 (9th Cir. 1988) (quoting 26 U.S.C. § 7430(a)). The district court in *Archer v. Silver State Helicopters, LLC* applied this body of law to several state statutes— California Code of Civil Procedure § 1021, California Civil Code § 1717, and Nevada Revised Statute 18.010—and found that none contained an independent grant of subject matter jurisdiction.  No. C06-1229JAH-RBB, 2007 WL 4258237, at *2 (S.D. Cal. Dec. 3, 2007).

Here, RCW § 4.84.185 provides that:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

Defendant provides no authority to support construing this statute as containing an independent grant of subject matter jurisdiction.[2] Moreover, nothing in the language of the RCW suggests that it was meant to provide an independent basis for federal court jurisdiction on the issue of attorney's fees. Fundamentally, if this Court lacks jurisdiction to hear claims brought under Washington law, it also lacks jurisdiction to entertain a request for fees pursuant to state law. *See Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (explaining that

---

[2] Indeed, the statute specifically notes that only a court "having jurisdiction" may authorize attorney's fees. *See* RCW § 4.84.185.

ORDER DISMISSING DEFENDANT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS
- 5

"state law controls entitlement to attorney's fees *if* the district court exercises subject matter jurisdiction over a state law claim" (citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999)). "Outside of the exercise of valid diversity jurisdiction, state laws have no bearing upon the authority of federal courts, and therefore cannot bestow fee-shifting power." *S.-Owners Ins. Co. v. Tomac of Fla., Inc.*, 687 F. Supp. 2d 665, 667-68 (S.D. Tex. 2010) (citing 28 U.S.C. § 1652). The Court joins with other district courts in the Ninth Circuit and concludes that it lacks authority to award attorney fees under state law in this case. *See, e.g.*, *Archer*, 2007 WL 4258237, at *2; *Nina Oshana Separate Prop. Tr., dated Sept. 16, 2015 v. Bank of Am., N.A.*, No. C17-2408WQH-RBB, 2019 WL 2436558, at *2 (S.D. Cal. June 11, 2019); *Doan v. Singh*, No. C13-531LJO, 2013 WL 5718720, at *3-4 (E.D. Cal. Oct. 18, 2013); *Skaaning v. Sorensen*, 679 F. Supp. 2d 1220 (D. Haw. 2010); *Willow Farms, LLC v. Awcc Wcw Holdings, LLC*, No. C15-1862BR, 2016 WL 4150749 (D. Or. Aug. 2, 2016).[3]

### D. Conclusion

"Ordinarily, the appropriate disposition of a motion for attorneys' fees when the court lacked jurisdiction from the outset of an action is not denial of the motion . . . but dismissal of the motion for lack of jurisdiction." *Skaff*, 506 F.3d at 837 n.2. Because this Court lacks jurisdiction, defendants' motion for attorney's fees is not denied but is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

---

[3] Although not raised by the parties, the Court notes that while the Ninth Circuit's decision in *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 887 (9th Cir. 2000) appears contrary to the Ninth Circuit's later statement in *Skaff*, "district courts have routinely declined to follow *Kona Enterprises* either because that case is distinguishable because the jurisdictional problem [in *Kona Enterprises*] was cured by amendment . . . or because the court has found *Kona Enterprises* to not be binding authority because it is contrary to prior established precedent as well as subsequent Ninth Circuit case law." *Van v. LLR, Inc.*, No. C18-197HRH, 2019 WL 1966088, at *2 (D. Alaska May 2, 2019) (citations omitted) (collecting cases). This court too declines to follow *Kona Enterprises* and instead follows *Skaff* and the cases cited therein that hold that when the court lacks subject matter jurisdiction of a case at the outset, it lacks authority to award attorney's fees. *Id.*

ORDER DISMISSING DEFENDANT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS
- 6

DATED this 1st day of May, 2023.

*[signature: Robt S Lasnik]*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING DEFENDANT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS
- 7